IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACQUEL LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-1276-RGA |
| AT&T CORPORATE, | : |
| Defendant. | : |

Racquel Lewis, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 10, 2024
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Racquel Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). She commenced this action on November 8, 2023. (D.I. 3). Pending is a motion to seal. (D.I. 1). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that Defendant AT&T has been intercepting, surveilling, and otherwise tampering with her phone calls and wordpress website account. She also appears to allege that Defendant "synced" her account to social media. (D.I. 3-2). She states that she is bringing a wide range of civil and criminal claims. She requests $30 million in damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

A complaint is not automatically frivolous because it fails to state a claim. See *Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See *id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's Complaint, even when viewed in the light most favorable to her, barely states anything that could be considered a factual allegation. Such facts as are stated do not begin to describe any plausible cause of action against AT&T. In other words, Plaintiff has failed to state a claim under any of the legal theories she raised, and there is no plausible manner in which she could state a claim based on her allegations. Amendment is therefore almost certainly futile. Nevertheless, I will permit Plaintiff to file an amended complaint if she does so within twenty-one days of today.

Plaintiff's motion to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will be entered.

3